UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1593 (DSD/JMM)

Paul Stanton and Tonya Mouw,

Plaintiffs,

v.

**ORDER**

County of Hennepin, Minnesota,

Defendants.

This matter is before the court on plaintiff's objections to the report and recommendation of Magistrate Judge John M. Mason dated December 29, 2000. In his report, the magistrate judge recommended the dismissal of Count II of plaintiffs' complaint, in which they allege defendant was negligent in failing to provide them membership in the Police and Fire Fund pension plan (PFF). Plaintiffs object to the dismissal of their negligence claim, arguing that defendant promised to "work on" getting plaintiffs into the PFF plan and their alleged affirmative action in that direction imposes on them a special duty of care toward plaintiffs. Plaintiffs contend that a claim of a breach of a special duty does not require "physical harm" to plaintiffs. In the alternative, plaintiffs request that the court certify the "special duty" issue to the Minnesota Supreme Court.

MAR 19 2001
FILED ____________
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

Minnesota has long recognized the "special duty" doctrine, described in the Restatement as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for <u>physical harm</u> resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323 (1965) (emphasis added); <u>see also</u> <u>State of Minnesota v. Philip Morris, Inc.</u>, 551 N.W.2d 490, 494 (Minn. 1996) (quoting Restatement § 323). As the language of the Restatement suggests, physical harm is a requisite element of a "special duty" negligence claim. Although Minnesota courts have not squarely addressed the physical harm requirement, the court notes that recent cases in which the Minnesota Supreme Court has analyzed the special duty doctrine involve physical harm to the plaintiffs. <u>See</u> <u>Philip Morris</u>, 551 N.W.2d at 494 (injury to smokers' lungs from defendants' tobacco products); <u>Cracraft v. City of St. Louis Park</u>, 279 N.W.2d 801, 806 (Minn. 1979) (plaintiffs killed or severely burned as a result of the city's allegedly negligent inspection of chemicals at a school).

Moreover, as defendants catalogue in their responsive brief, other courts which have recognized the "special duty" cause of action have explicitly held that it is limited to cases where

plaintiffs have suffered physical harm. See e.g., Shaner v. United States, 976 F.2d 990, 994 (6th Cir. 1992) ("Recovery under the Good Samaritan Doctrine is limited to physical harm"); Service Employees Int'l Union Health & Welfare Fund v. Philip Morris Inc., 83 F. Supp. 2d 70, 92-93 (D.D.C. 1999) ("[S]ince Plaintiffs have not alleged any physical harm, ... they cannot recover on their special duty claims"); Association of Washington Pub. Hosp. Dists. v. Philip Morris Inc., 79 F. Supp. 2d 1219, 1228 (W.D. Wash. 1999) ("A] claim of a breach of a special duty requires 'physical harm' to plaintiffs"); Oregon Laborers-Employment Health & Welfare Trust Fund v. Philip Morris Inc., 17 F. Supp. 2d 1170, 1182-83 (D. Or. 1998) ("[P]hysical harm is a requisite element of a claim for breach of" a special duty), aff'd 185 F.3d 957 (9th Cir. 1999), cert. denied, 528 U.S. 1075 (2000).

These cases make it clear that absent physical harm, plaintiffs cannot invoke the special duty doctrine. The court has no reason to believe that the Minnesota Supreme Court would find otherwise. For this same reason, certification of the "special duty" question to the Minnesota Supreme Court pursuant to Minn. Stat. Ann. § 480.065, Subd. 3 is not warranted. See Shakopee Mdewakanton Sioux Community v. City of Prior Lake, 771 F.2d 1153, 1157 (8th Cir. 1985), cert. denied, 475 U.S. 1011 (1986) ("Absent a 'close' question and lack of state sources enabling a

nonconjectural determination, a federal court should not avoid its responsibility to determine all issues before it.")

Accordingly, based on a de novo review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss Count II of plaintiffs' complaint [Doc. No 3] is granted.

2. Count II of plaintiffs' complaint is dismissed with prejudice.

Dated: March 19, 2001

David S. Doty, Judge
United States District Court